**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JOEL JESUS HERNANDEZ-PIRELA #A240-361-608** | **CASE NO. 1:26-CV-02855 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN WINN CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM ORDER**

Before the court are an Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction [doc. 2] filed by immigration detainee Jose Jesus Hernandez-Pirela, in connection with his pending petition for writ of habeas corpus. *See* doc. 1. Petitioner, a native of Venezuela, was detained in June 2026 and is currently in ICE custody at Winn Correctional Center in Winnfield, Louisiana. Doc. 1 He seeks habeas relief on the grounds that his re-detention by ICE, after being paroled into the country in September 2022, violates his right to due process. He also moves for a temporary restraining order and preliminary injunction prohibiting his deportation or transfer, arguing that such action would deprive the court of the ability to adjudicate his habeas petition. Doc. 2.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights*

*Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The petitioner's request for immediate release demonstrates no threat of imminent harm beyond the ordinary hardships of detention. Instead, he merely seeks to accelerate his request for the ultimate relief requested under his habeas petition. Courts should not allow petitioners to skip the line on habeas review by dressing their petitions as TRO's. *See Rodriguez v. Lyons*, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."). Accordingly, **IT IS ORDERED** that the Motions [doc. 2] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 4th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**