**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JOEL JESUS HERNANDEZ-PIRELA** | **CASE NO. 1:26-CV-02855 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM RULING**

Presently pending in this matter is a Motion to Expedite [Doc. 3] and a Motion to Appoint Counsel [Doc. 4)] filed by *pro se* petitioner Joel Jesus Hernandez-Pirela. The §2241 Petition relates to an immigration removal proceeding. He alleges that he was re-detained without a meaningful, individualized custody determination and is being subjected to unconstitutional and unreasonable continued detention. [Doc. 10].

I. Motion to Expedite

On August 3, 2026, Petitioner filed a Motion to Expedite Consideration of Petition for Writ of Habeas Corpus, wherein he asks this Court to "order a prompt response and resolve the custody challenge on an accelerated schedule." [Doc. 3]. On August 31, 2026, the undersigned ordered that the Petition be served upon the Respondents, who have been ordered to file an answer into the record by November 2, 2026. [Doc. 11]. Accordingly, a prompt response from the Respondents is forthcoming and the merits of the Petition will be addressed by the Court in due course.

II. Motion to Appoint Counsel

"[R]emoval proceedings are 'civil, not criminal in nature.'" *Gonzalez-Reyes v. Holder*, 313 F. App'x 690, 696 (5th Cir. 2009) (quoting *Sewani v. Gonzales*, 162 F. App'x 285, 288 (5th Cir. 2006) (per curiam)). Accordingly, "an alien has no Sixth Amendment right to effective

counsel during removal proceedings." *Rodriguez-Salazar v. Sessions*, 691 F. App'x 173, 174 (5th Cir. 2017) (per curiam) (quoting *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006)). However, pursuant to § 3006A(a)(2)(B) of Title 18 of the United States Code, "a [financially-eligible habeas] petitioner should be appointed counsel when 'the interests of justice so require.'" *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (concerning federal post—conviction proceedings; quoting 18 U.S.C. § 3006A(a)(2)(B)).

The Court finds that under § 3006A(a)(2)(B), the interests of justice do not currently require that the Court appoint counsel for Petitioner in this matter. Petitioner's filings demonstrate he is able to adequately represent himself, the issues presented are not particularly complex, and this matter does not involve novel legal issues. *See Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985); *Schwander v. Blackburn*, 750 F.2d 494, 502-03 (5th Cir. 1985). Thus, the Court finds his motion should be denied. However, the motion is denied without prejudice. Should circumstances change as this litigation proceeds, the motion may be renewed if there is a proper showing that the interests of justice require appointment of counsel. The Court may also consider appointing counsel on its own motion.

Accordingly, the Motion to Expedite [Doc. 3] is **DENIED AS MOOT** and the Motion to Appoint Counsel [Doc. 4] is **DENIED without prejudice**.

THUS DONE AND SIGNED in chambers this 7th day of September, 2026.

David J. Ayo
United States Magistrate Judge